**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terence William McDonough, et al., | No. CV-24-00764-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Michael J Bidwill, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion to seal exhibits and portions of their motion to compel arbitration. (Doc. 60.) For the reasons stated below, the motion is denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks

omitted).  The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

Defendants move to seal two exhibits to their motion to compel arbitration: Exhibit B, Plaintiff Terence William McDonough's May 12, 2023 first amended arbitration demand, and Exhibit C, Arbitrator Mishkin's June 7, 2023 Order on Motion to Join. Defendants state that "compelling reasons exist to maintain the confidentiality of these documents" because "these two documents, while relevant to the Motion to Compel Arbitration, have no bearing on the fact issues to be litigated in this action should the claims proceed in this Court." (Doc. 60 at 2-3.)

As an initial matter, the Court agrees that the compelling reasons standard applies here.  *See, e.g.*, *Hussain v. Burger King Corp.*, 2023 WL 2940032, \*2 (N.D. Cal. 2023) ("Because the motion to compel arbitration is more than tangentially related to the underlying action, the Court applies the 'compelling reasons' standard."); *Orlob-Radford v. Midland Funding LLC*, 2016 WL 5859002, \*8 (E.D. Wash. 2016) ("Under the Ninth Circuit's expansive "more than tangentially related" test, the court finds the Loan Sale Agreement and Motion to Compel Arbitration are directly related to the merits of the case. Accordingly, to justify the sealing of the Loan Sale Agreement and documents related to the Motion to Compel Arbitration, it is Defendants' burden to demonstrate a compelling reason to do so.").

The only reason Defendants have provided to justify their sealing request is the "Consent Confidentiality Order" in which the arbitrator ordered—pursuant to the parties' agreement—that the parties would maintain "the confidentiality of all communications relating to" the arbitration proceedings.  The consent order does not establish that any legal standard for placing those materials or information under seal has been met.  *Ctr. for Auto Safety*, 809 F.3d at 1101.  "Defendants suggest that no reasons exist here to remove Arbitrator Mishkin's confidentiality protection." (Doc. 60 at 3.)  But this suggestion turns the standard on its head—Defendants must provide compelling reasons why the public

should not have access to these materials. The Consent Confidentiality Order does not alter the *Kamakana* standard, which presumes a public right of access in the absence of compelling reasons that "outweigh the general history of access and the public policies favoring disclosure." 447 F.3d at 1178. *See also Twitch Interactive, Inc. v. FishwoodCo GmbH*, 2023 WL 2026528, *2 (N.D. Cal. 2023) ("The underlying arbitration apparently was conducted confidentially pursuant to Twitch's Terms of Service and JAMS International Arbitration Rules 16.1 and 16.2. However, the fact that the parties agreed to the confidentiality of the underlying arbitration proceedings does not, standing alone, provide a compelling reason to keep them under seal. Moreover, the Court has reviewed the matters that have been provisionally sealed and concludes that there are no compelling reasons to maintain those materials under seal.") (citations omitted); *Mission Wellness Pharmacy LLC v. Caremark LLC*, 2022 WL 2488817, *1 (D. Ariz. 2022) ("[T]he parties' agreement that their agreement and any arbitration would be confidential does not establish compelling reasons exist."); *Ovonic Battery Company, Inc. v. Sanyo Electric Co., Ltd*, 2014 WL 2758756, *3 (N.D. Cal. 2014) (rejecting sealing request premised on the bare fact that the arbitration-related materials at issue were "to remain confidential subject to limited exception according to the governing International Arbitration Rules and order of the Arbitration Panel").

Accordingly,

**IT IS ORDERED** that Defendants' motion to seal (Doc. 60) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged documents will not be filed, but will remain under seal. Defendants shall, within **14 days** of the entry of this Order, (1) file a renewed motion to seal that attempts to satisfy the compelling reasons standard, (2) file unredacted versions of the motion to compel and all supporting exhibits in the public record, or (3) withdraw their motion to compel arbitration.

Dated this 14th day of August, 2024.

Dominic W. Lanza
United States District Judge