**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terence William McDonough, et al., | No. CV-24-00764-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Michael J Bidwill, et al., | |
| Defendants. | |

On February 10, 2025, the Court issued an order noting that attorney Michael W. Caspino "has appeared as one of Plaintiffs' attorneys in this action and has signed or jointly signed several of Plaintiffs' filings" and "is also identified as counsel of record in the caption and/or signature block of several other of Plaintiffs' filings," despite having been "suspended from practicing in this District some time ago." (Doc. 76 at 1.) The Court further noted that "[u]nder LRCiv 83.1(e), '[a]n attorney who . . . during disbarment or suspension exercises any of the privileges of a member of this bar, or who pretends to be entitled to do so, is subject to appropriate sanctions after notice and opportunity to be heard.'" (*Id.*) The Court concluded: "It should go without saying that Mr. Caspino will not be allowed to present oral argument on Plaintiffs' behalf during [an upcoming motion hearing] due to his suspended status. Nevertheless, if Mr. Caspino wishes to be heard regarding the LRCiv 83.1 issues addressed above, the Court will provide him with an opportunity to speak at the beginning of the hearing regarding those issues." (*Id.* at 1-2.)

On February 12, 2025, the parties filed a stipulation to vacate the scheduled oral

argument. (Doc. 77.) The Court granted the stipulation and gave Mr. Caspino the opportunity to respond in writing to the notice that he was subject to sanctions "by filing a memorandum no later than February 19, 2025." (Doc. 78.) However, Mr. Caspino did not file a memorandum by that deadline and still has not filed a memorandum or otherwise responded.

Furthermore, on at least 13 occasions between May 2024 and August 2024, Mr. Caspino represented (or allowed other attorneys to represent) that he had a pending application for *pro hac vice* admission in this case. (Doc. 26 at 1, 5; Doc. 33 at 1; Doc. 37 at 1; Doc. 38 at 1; Doc. 39 at 1; Doc. 49 at 1; Doc. 50 at 1, 16; Doc. 51 at 1, 23; Doc. 54 at 1 & Doc. 54-1 at 1, 25; Doc. 55 at 3; Doc. 64 at 1, 15; Doc. 65 at 1; Doc. 66 at 3.) Those representations were inaccurate. The Court's attorney admissions staff has advised the Court that Mr. Caspino (through a legal assistant) attempted to file a *pro hac vice* application in this case on June 6, 2024 and was told that same day that he could not file an application due to his suspended status.[1]

Thus, Mr. Caspino is ordered to show cause at a hearing on April 28, 2025 at 11:00 a.m. why sanctions should not be assessed against him for practicing law in this District while suspended from doing so and for misrepresenting his status to the Court.

It appears that the sanctions of fines and suspensions have been imposed in past cases involving similar conduct. *Macias v. McGrath*, 322 F. Supp. 2d 1041 (N.D. Cal. 2004) (imposing $1,500 fine as a sanction for the unauthorized practice of law, where the sanctioned attorney was admitted in several other federal district courts but failed to obtain admission in the Northern District of California until more than two years after filing a lawsuit there, and explaining that although "[t]he court has found little written authority shedding light on the appropriate penalty to be assessed given these facts . . . [w]hat little authority the court has found suggests that this is a very serious offense"), *rev'd*, 439 F.3d 1141 (9th Cir. 2006) ("Price was not afforded all of the procedural protections required for

---

[1] An applicant for *pro hac vice* admission must swear under penalty of perjury that, among other things, "the attorney is not currently suspended, disbarred or subject to disciplinary proceedings in any court." LRCiv 83.1(b)(2)(iv).

due process in the context of criminal contempt proceedings. We vacate the order without prejudice to future prosecution or disciplinary proceedings for the alleged violation."); *Matter of Schum*, 2025 WL 238916, *5-9 (D. Haw. 2025) (finding that attorney engaged in the unauthorized practice of law by practicing while under a bar suspension, emphasizing that "[b]y engaging in the unauthorized practice of law, Schum violated an exceedingly important duty," and imposing a one-year suspension as a sanction); *In re Marcone*, 2009 WL 1258489, *8 (E.D. Pa. 2009) ("We find that the four year suspension we recommended in our Report and Recommendation is within the heartland of sanctions imposed on attorneys who have engaged in the unauthorized practice of law after being suspended for other misconduct."). *See also Cooper v. Texaco, Inc.*, 961 F.2d 71, 72-73 (5th Cir. 1992) (affirming the entry of a criminal contempt sanction against an attorney who, following "his suspension, . . . consistently . . . exercised privileges of a member of the bar and . . . pretended to be entitled to do so"). Nevertheless, in determining what, if any, sanction is warranted, the Court must consider various relevant factors, including "(1) the duty violated; (2) the lawyer's mental state; (3) the potential or actual injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors." *Matter of Schum*, 2025 WL 238916 at *9. Mr. Caspino should be prepared to discuss each of these factors.

Furthermore, Mr. Caspino must be "afforded all of the procedural protections required for due process" before a punitive sanction can be assessed. *Macias*, 439 F.3d at 1141. "[S]ubstantial punitive sanctions [are] enough like criminal contempt to warrant the same due process protections," and therefore Mr. Caspino "is entitled to the right to be advised of the charges, the right to a disinterested prosecutor, the right to assistance of counsel, a presumption of innocence, proof beyond a reasonable doubt, the privilege against self-incrimination, the right to cross-examine witnesses, the opportunity to present a defense and call witnesses, and the right to a jury trial if the fine or sentence imposed will be serious." *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001). Mr. Caspino should be prepared to advise the Court at the show-

cause hearing whether he intends to exercise any or all of these rights. If Mr. Caspino will be represented by counsel at the show-cause hearing, a notice shall be filed at least three days in advance of the hearing.

Mr. Caspino is no longer receiving electronic notices of docket activity in this action because on February 10, 2025, he was terminated as counsel of record due to his suspension. However, his colleagues, Stuart M. Price and Michael J. Weiler of Price Caspino,[2] continue to be counsel of record for Plaintiffs and continue to receive electronic notices. No doubt, Mr. Caspino's colleagues have informed him of the Court's orders allowing him to be heard on the issues discussed in this order. (Docs. 76, 78.) At any rate, because it is imperative that Mr. Caspino receives this order, Mr. Price and Mr. Weiler are ordered to file a notice indicating that a copy of this order was emailed and/or personally delivered to Mr. Caspino.

…

…

…

---

[2] Although the docket reflects that Mr. Caspino works at a different law firm than Mr. Price and Mr. Weiler, the information on the docket as to Mr. Caspino is clearly outdated. The docket indicates that Mr. Caspino works at the law firm "Busch & Caspino" with a mailing address in Scottsdale, Arizona and the email address mcaspino@buschfirm.com. However, it appears that this law firm ceased to exist over ten years ago. https://www.ocbj.com/services/busch-caspino-split/. Mr. Caspino and Mr. Weiler apparently worked at the law firm Forward Counsel LLP from the time of this case's inception through at least August 5, 2024. (Doc. 65.) At some point thereafter, Mr. Caspino and Mr. Weiler apparently changed law firms and neglected to notify the Court, as required by LRCiv 83.3(d). A stipulation filed on February 12, 2025 indicates that Plaintiffs were by that time represented by Stuart Price of Price Caspino (Doc. 77), and the Second Amended Complaint was signed by Mr. Price and lists Mr. Weiler and Mr. Price of Price Caspino, with a new mailing address and email addresses to match the new firm designation. (Doc. 80.) At that point, the docket was updated to indicate that Mr. Weiler and Mr. Price are both at Price Caspino. Because Mr. Caspino had already been terminated as attorney of record by that point, no filing has ever indicated that Mr. Caspino is also now at Price Caspino. But the Price Caspino law firm's website includes Mr. Caspino's name and dedicates a page to him, listing him as a partner, with a mailing address that matches the mailing address on the docket for Mr. Price and Mr. Weiler. https://www.pricecaspino.com/michael-caspino. (As an aside, that webpage specifies that Mr. Caspino "is licensed to practice in Arizona" (*id.*) but does not mention that Mr. Caspino's license to practice in Arizona is suspended for a "Fees Related Issue." https://azbar.org/for-lawyers/practice-tools-management/member-directory/?m=michael-caspino-140429.) The Court thus concludes that Mr. Caspino is a colleague of Mr. Price and Mr. Weiler.

Accordingly,

**IT IS ORDERED** that a show-cause hearing is set for April 28, 2025 at 11:00 a.m. in Courtroom 601.

**IT IS FURTHER ORDERED** that Stuart M. Price and Michael J. Weiler shall email or personally deliver a copy of this order to Mr. Caspino, as soon as possible and at any rate by March 31, 2025, and promptly file a notice indicating that this has been done.

Dated this 26th day of March, 2025.

Dominic W. Lanza
United States District Judge